**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN WELLS,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>*Defendant*. | No. 25-cv-02570 (DLF) |

**MEMORANDUM OPINION**

Kevin Wells, proceeding *pro se*, brings this action against President Donald J. Trump in his individual and official capacities, alleging that President Trump has intentionally discriminated and retaliated against Black soldiers, veterans, and their families in violation of the Constitution and federal law. Before the Court is President Trump's Motion to Dismiss, Dkt. 11, and Wells's Motion for Default Judgment, Dkt. 18. For the reasons that follow, the Court will grant President Trump's motion and deny Wells's motion.

## I. BACKGROUND

Wells is a Black military veteran, *see* Compl. ¶ 6, Dkt. 1, who purports to represent "all Black or African American Veterans having been drafted or served in the Armed forces since or at the same time from the Vietnam Wa[r] . . . until this present time where Donald Trump is considered Commander and [*sic*] Chief," Attachs. to Compl. 4 (ECF pagination), Dkt. 1-3. He alleges that President Trump has intentionally discriminated and retaliated against Black soldiers, veterans, and their families. Compl. ¶¶ 2–6. Among other things, he points to President Trump's "executive orders," which he contends "violate Due Process and Equal Protection," *id.* ¶ 2; "attacks on diversity and Inclusion in all Federal Agencies" and "firing [of] Qualified Black Generals in

the Armed Forces," *id.* ¶ 3; "actions of retaliation to African Americans," *id.* ¶ 5; and "cruel and unusual behavior of calling Veterans and Soldiers, 'losers and suckers,'" *id.* ¶ 6. These actions and policies, according to Wells, amount to "intentional discrimination . . . with respect to employment, appointments, terms, [and] conditions," *id.* ¶ 2, and the creation of "a hostile atmosphere . . . in education, The Military, and all aspects of this society causing the denial of federal rights," including "Veterans benefits" and Social Security, *id.* ¶ 6. Wells further alleges that he has experienced "pain, mental anguish, emotional distress, [and] loss of enjoyment of life." *Id.* He purports to bring claims under "42 USC" and the "Due Process and Equal Protection clauses of the United States Constitution and its Amendments." *Id.* ¶ 2. For his "past, present, and future sufferings because of Donald Trumps [*sic*] actions," Wells seeks $1,000,000,000. *Id.* ¶ 6.

On December 12, 2025, President Trump moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. *See* Mem. in Support of Mot. to Dismiss 1, Dkt. 11-1. Wells opposed the motion, *see* Dkt. 16; Dkt. 19; Dkt. 22, and moved for default judgment, *see* Dkt. 18.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation modified). At the same time, the plaintiff bears the burden of establishing subject matter jurisdiction. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). Because "[s]overeign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), claims barred by

the United States' sovereign immunity are "subject to dismissal under Rule 12(b)(1)," *Clayton v. District of Columbia*, 931 F. Supp. 2d 192, 200 (D.D.C. 2013). Additionally, questions of standing are examined in a Rule 12(b)(1) motion, as a plaintiff's lack of standing is a "defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Finally, the Court must consider a *pro se* plaintiff's complaint "in light of all filings, including filings responsive to a motion to dismiss." *Johnson v. District of Columbia*, 927 F.3d 539, 541 (D.C. Cir. 2019) (citation modified). "While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (citation modified).

## III. ANALYSIS

Because the Court finds that it lacks subject matter jurisdiction over Wells's claims, it will dismiss the action and deny Wells's motion for default judgment.

### A. Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over Wells's claims.

To start, the Court lacks jurisdiction over Wells's claims against President Trump in his official capacity. Sovereign immunity bars suits against the United States, its agencies, and its employees in their official capacities, absent an explicit waiver. *See Meyer*, 510 U.S. at 475; *see also Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself."). None of the constitutional provisions on which Wells relies contains such a waiver. *See*

*Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20–21 (D.C. Cir. 2010). Furthermore, to the extent that Wells's reference to "42 USC" constitutes an attempt to bring claims under the Civil Rights Act, the Court similarly lacks jurisdiction over his claims—the Act, "by [its] terms, do[es] not apply to actions against the United States." *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987); *see Jarvis v. Kijakazi*, No. 21-cv-1523, 2022 WL 4464985, at *2 (D.D.C. Sept. 26, 2022). Accordingly, the Court lacks jurisdiction over Wells's official capacity claims.

Furthermore, Wells has failed to establish standing to bring his claims. Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* (citation modified). A plaintiff has standing for Article III purposes if he can demonstrate "(1) an injury in fact that is concrete and particularized as well as actual or imminent; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood, as opposed to mere speculation, that the injury will be redressed by a favorable decision." *Nat. Res. Def. Council v. Wheeler*, 955 F.3d 68, 76 (D.C. Cir. 2020) (citation modified). Wells has failed to allege sufficient facts establishing that he has suffered a "concrete, particularized, and actual or imminent" injury attributable to President Trump's alleged conduct. *TransUnion*, 594 U.S. at 423. The most specific injury that Wells identifies is the delay or denial of his veteran and Social Security benefits—an allegation made without context or further specificity—and he does not offer any facts to establish a "causal connection" between that injury and the conduct he challenges. *Nat. Res. Def. Council*, 955 F.3d at 76 (citation modified). His remaining alleged injuries, moreover, rest on generalized harms suffered by "thousands of other Black Veterans and their

Families," Compl. ¶ 6, and are neither "particularized" nor "concrete," *Nat. Res. Def. Council*, 955 F.3d at 76 (citation modified); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Accordingly, Wells has not adequately alleged facts to establish standing to pursue his claims.

Because the Court lacks subject matter jurisdiction over Wells's suit, the Court will dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

**B. Default Judgment**

The Court will also deny Wells's Motion for Default Judgment, Dkt. 18.

Obtaining a default judgment is a two-step process. *Carpenters Lab.-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 239 n.1 (D.D.C. 2007). First, the plaintiff must request that the Clerk of Court enter default against the party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Carpenters Lab.-Mgmt. Pension Fund*, 498 F. Supp. 2d at 239 n.1. The Clerk's entry of default establishes the defendant's liability for the well-pleaded allegations in the complaint. *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31, 35 (D.D.C. 2014). Second, unless "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), the plaintiff "must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2). At that point, the plaintiff "must prove his entitlement to the relief requested using detailed affidavits or documentary evidence on which the court may rely." *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (citation modified). "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

Wells cannot obtain a default judgment here. To start, he cannot establish that President Trump has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Indeed, President Trump's timely Motion to Dismiss demonstrates his active participation in this case. Furthermore, Wells cannot "establis[h] a claim or right to relief," Fed. R. Civ. P. 55(d), as the Court lacks subject matter jurisdiction over his claims, *see Strong-Fisher v. LaHood*, 611 F. Supp. 2d 49, 52 n.2 (D.D.C. 2009); *Campaign Legal Ctr. v. FEC*, 578 F. Supp. 3d 1, 7 (D.D.C. 2021). As such, the Court will deny Wells's Motion for Default Judgment.

**CONCLUSION**

For the foregoing reasons, the Court grants President Trump's Motion to Dismiss, Dkt. 11, and denies Wells's Motion for Default Judgment, Dkt. 18. A separate order consistent with this decision accompanies this memorandum opinion.

Dabney L. Friedrich
DABNEY L. FRIEDRICH
United States District Judge

August 25, 2026